MARY RICE et al., Adm'x, &c., vs. DAN S. WRIGHT et al.

Where the action was brought against principal and surety, upon a promissory note, and the surety alone defended and litigated in good faith, but failed in his defence; the court refused to allow to the Plaintiff's attorney a per centage on the verdict as an additional allowance, under § 263 of the code, although the case was difficult and extraordinary, and required the assistance of counsel.

In this case, the surety had requested the holder of the note to prosecute when it became due, and obtain satisfaction from the principals. He omitted to do so, and the principals are now insolvent.

The judge said a surety ought not to be charged with an extra allowance unless he has misbehaved himself in the defence, has acted in bad faith, or has the means of indemnity in his hands.

This action was brought to recover a promissory note dated 29th July, 1844, for five hundred dollars. The note was signed by the Defendant Wright, as surety for the other three Defendants, who were the principal debtors, and who made no defence. The suit was commenced by summons and complaint under the code; and Wright, the Defendant, interposed the defence of usury, also that the holder of the note omitted to prosecute the principals, while they were solvent, although requested so to do by the surety—that the principals have now become insolvent, and the surety, who alone defends, is the only responsible Defendant. There was a reply to the answer, and the cause was tried at the late Washington circuit in December last, before Mr. Justice WILLARD. The cause was sharply litigated, but the defence failed, and the Plaintiff obtained a verdict. The Plaintiff's counsel, thereupon, applied to the court, under § 263 of the Code of Procedure, for an allowance of ten per cent. on the verdict, to be added to the costs. The

judge declined making such order *ex parte*, but granted an order on the Defendant's attorney, to show cause, on a future day, why such allowance should not be made.

On the day of showing cause, in addition to the foregoing facts, the Defendant Wright swore that the defence was interposed in good faith: and that he verily believed, if the holder of the note had prosecuted when he was requested, the whole amount might have been collected of the principal debtors.

I. W. THOMPSON, *for the motion.*

H. GIBSON, *contra.*

WILLARD, Justice.—If the term "difficult or extraordinary cases" in § 263 of the Code of Procedure embraces all cases where a defence is seriously and earnestly made, and where the services of counsel are necessary, the present case was both difficult and extraordinary. But the court is not bound, at all events, to make the allowance, though the talents and learning of counsel were required. We have a discretion to exercise; and this implies, that in cases both *difficult and extraordinary*, it may sometimes be unjust or inexpedient to mulct the Defendant with a per centage on the recovery. The case of a surety, is *stricti juris.* It is sufficiently hard that he is compelled to pay the whole debt and the usual costs. The court ought not to impose upon him any thing beyond this, unless he has misbehaved himself in making the defence, or has acted in bad faith, or has the means of indemnity in his own hands. Nothing of the kind exists here. The surety has acted throughout with fairness, and there is no pretence that he has been indemnified.

The motion, therefore, must be denied.